# Appendix C

Applicant's Second *Ex Parte* Motion for Pre-Payment of Investigator's Expenses

Cause No. 71,817

| | | |
|---|---|---|
| EX PARTE | § | IN THE COURT |
| | § | |
| | § | OF CRIMINAL APPEALS |
| | § | |
| ARTHUR BROWN, JR. | § | OF TEXAS |

**FILED IN**
**COURT OF CRIMINAL APPEALS**

**APPLICANT'S SECOND *EX PARTE* MOTION FOR**
**PRE-PAYMENT OF INVESTIGATOR'S FEES**

FEB 04 1998

TO THE HONORABLE JUDGES OF THIS COURT:

Troy C. Bennett, Jr. Clerk

COMES NOW, before the Court, applicant, ARTHUR BROWN, JR., by and through his attorney of record and presents this Second *Ex Parte* Motion for Pre-Payment of Investigator's Fees, and for cause would show as follows:

I.

Applicant was convicted of the offense of capital murder and sentenced to death in Cause number 636535, styled the *State of Texas v. Arthur Brown, Jr.*, in the 351st District Court of Harris County, Texas. Applicant's conviction and sentence was affirmed by the Court of Criminal Appeals in *Brown v. State*, No.71,817 (Tex.Cr.App., delivered December 18, 1996)(unpublished).

II.

On July 1, 1997, this Court appointed the undersigned counsel to represent Applicant in his post-conviction writ of habeas corpus, pursuant to Art. 11.071, Texas Code of Criminal Procedure.

III.

Art. 11.071, Sec. 3(a) requires the undersigned counsel to "investigate expeditiously" the "factual and legal grounds for the filing of an application for a writ of habeas corpus." *Id.*

Counsel has previously filed in this Court a request for pre-payment of attorney's fees which was granted in the amount of $2500.00 (Two-thousand five hundred dollars). Counsel retained Ms. Lisa Milstein, a mitigation specialist to conduct the investigation of this case.

IV.

At counsel's direction, the investigator has engaged in the investigation of this case by locating and interviewing a number of witnesses. The investigator's progress and the hours involved are set out in the attached memorandum which is referred as if fully incorporated herein. (*See*, Attached Memorandum of Lisa S. Milstein).

A.

Past Work

The initial part of the investigation of this case was conducted in Houston, Texas. Counsel's investigator located and interviewed one of the two surviving witnesses in this case, Rachael Tovar to discuss the facts of the case, and the witness' dealings with the District Attorney's Office and the police. The interview produced an item of physical evidence which may possess relevance in connection with other physical evidence which

counsel is attempting to obtain. The investigator also attempted to locate the other surviving witness, Alexander Camarillo, aka Nicholas Cortez. Mr. Camarillo is believed to be an illegal alien using an assumed name and documents. Counsel has concluded that Camarillo is unable be located. Thus, the total time expended in this portion of the investigation has comprised 15.6 hours. Total costs are $ 780.00. Thisamount has not been formally billed to counsel

A second, and more major portion of the investigation has occurred out of state. Due to the particular circumstances of this case, it has been absolutely necessary to conduct a large portion of the factual investigation in Tuscaloosa, Alabama. Applicant's family members, as well as a majority of the non-police witnesses are, or have been, recently living in Tuscaloosa. These witnesses include Joe Mae Brown, Grace and Serisa Brown, Johnny Brown, Arthur Brown, Sr., Carolyn Momoh, Monica Dotson, Denise Ruthledge and LaTonya Hill. In addition, Maliek Travis, another possible fact witnesses, is currently incarcerated in Elmore Prison, in Montgomery County, approximately 3 ½ hours from Tuscaloosa. Over a period of 3 days, counsel's investigator contacted and initially interview with several of these witnesses. Much of the information sought is by its nature very sensitive and relevant to mitigation. Counsel's investigator was not able to obtain affidavits from the witnesses. The total hours spent in this line of investigation was 35.4 hours. Costs, in the form of plane fare, hotel and meals and car rental was $ 495.34. Total costs are $ 2012.34. This amount has not yet been billed to counsel.

B.

Further Investigation is Necessary

As explained in or to the investigator's memorandum, there is considerable investigation remaining. Several witnesses in Alabama have not been interviewed (most importantly, Monica Dotson and Maliek Travis) and it will be necessary to conduct second interviews of previously interviewed witnesses due to the sensitive nature of the information sought. Counsel will have to prepare affidavits based upon these interviews. This portion of the investigation should comprise approximately 48 hours.

Counsel anticipates that it will also be necessary for counsel's investigator to contact and interview several jurors in the case in and around Harris County, regarding possible juror misconduct. This investigation should comprise approximately 16 hours.

C.

Further Investigation of Previously Undetermined Issues

Counsel would again aver that the factual investigation of this case is on-going and will continue to be until the application for writ of habeas corpus is drafted and filed. Therefore, counsel would expressly advise that there may be unforseen factual grounds which require additional investigation

V.

Counsel would request this Court authorize an additional pre-payment of $2700.00 (Two thousand seven hundred dollars), as well as reimbursement of $292.34 to devote to

investigation in the above claims. This figure is based upon the estimate of time provided by counsel's investigator. Counsel's suggestion of this amount represents a minimum estimate of the cost of investigating this case and is in no way meant to limit the total investigative fees to this amount. Counsel would specifically reserve the right to file subsequent motions for additional investigator fees should it become necessary to adequately investigate potentially meritorious claims arise in this case.

VI.

Article 11.071, Sec. 3, Texas Code of Criminal Procedure authorizes this Court to grant reasonable expenses for investigator fees. Moreover, the authorization of sufficient additional investigator fees is supported by Applicant's right to the effective assistance of counsel as contained in the 6th and 14th Amendments to the United States Constitution, his right to due process and due course of law under the 5th and 14th Amendments to the United States Constitution and art. I, §19 of the Constitution of the State of Texas, his right to equal protection under the law pursuant to the 14th Amendment to the United States Constitution and art. I, sec. 10 of the Texas Constitution, and under all rights provided by, and inherent to Art. 11.071.

VII.

This motion for pre-payment of investigators fees and expenses is brought *ex parte* and confidentially. The undersigned counsel respectfully request that this motion be

sealed by this Honorable Court and not unsealed until after the State has filed its response to applicant's application for writ of habeas corpus.

WHEREFORE, PREMISES CONSIDERED, Applicant respectfully moves this Court authorize and advance to counsel the sum of $ 2992.34 with which to pay for the continued investigation of this case.

Respectfully Submitted,

ALEXANDER L. CALHOUN
3036 South First St., Suite 201
Austin, Texas 78704
Tele: (512)326-1266
Fax: (512) 443-3659
Texas Bar No. 00787187

ATTORNEY FOR APPLICANT

SECOND EX PARTE MOTION FOR PRE-PAYMENT
OF INVESTIGATOR FEES: *EX PARTE ARTHUR BROWN, JR.*                                                    6

information about her and her children.

I also spent a few hours at the courthouse reviewing the co-defendants case files, as well as looking for witness's addresses or if they had any priors. I did locate Raylon Lamont Johnson and although he had three addresses, none of them were any good. I will try to do a skip trace back in Houston but it will be difficult to locate Johnson.

I located Oneitha Gay, the mother of client's two children. I have not interviewed her yet, but have left word with her, and have not heard back. I have located Monica Dotson's mother's home, but not Monica. According to other witnesses, Monica will have information concerning our client's alleged participation in the offense. I will need to speak with her on a second trip.

The hours/cost breakdown from Tuscaloosa is:

Total Hours: 25.40
    Locating Witnesses & interviews: 25.40. **($1,270.00)**
    Travel: 10.0 **($250.00)**

Expenses: **$ 495.34**
    Lodging -- $133.65
    Car Rental -- $90.68
    Plane Tickets -- $185.00
    Food (3 days) -- $75.00
    Gas -- $11.01.

Total Fees & Expenses (Tuscaloosa) = **$ 2,012.34**

### B. Investigation in Houston

Pursuant to your directions, I looked for both Rachel Tovar and Alexander Camarillo/Nicholas Cortez. I found Tovar and met with her for at her home. I have already provided you with a memo on our conversation. I have been unable to locate Alexander Camarillo/Nicholas Cortez and I think that it will be difficult, if not impossible to find him due to his status as an undocumented alien using forged documents.

The following is a breakdown of the services/hours for my investigation in Houston:

| | |
|---|---|
| 1/11/98 | Skip trace Alexander Camarillo, aka Nicholas Cortez, and Rachel Tovar. [0.7] |
| 1/16 | Went to Court House to pull DA file to find witnesses and review file. |

2

1. Interview Maliek Travis in Elmore Prison, located in Montgomery County. Montgomery County is approximately a 5 hour round trip from Tuscaloosa. Travis was in Houston with the client and co-defendant's at the time of the murders He also was one of client's oldest friends. He needs to be interviewed about the crime as well as mitigation. There was another set of drug dealers who where in town when the crime occurred, all, which Maliek knew. He can provide information about these people

Estimated time (including travel and report writing): 8.0

### D. *Further Investigation in Houston*

Pursuant to your memo, I will contact the jurors of this case to determine the possibility of jury misconduct. I estimate contacting between 6-8 jurors by telephone, and if they are willing to discuss the case, meeting with them personally at their homes.Locate and interview jurors.

Estimated Time (including travel): 16.0

↓  Detach here before depositing  ↓

# State Comptroller of Public Accounts

138334442

0001 211 92110393   25714192587 000   FEBRUARY 6, 1998

TREASURY WARRANT NO.

**138334442**

| DOLLARS | CENTS |
|---|---|
| $292 | 34 |

PAY   TWO HUNDRED NINETY TWO DOLLARS AND 34/100

VOID AFTER
08/31/2000

TO THE
ORDER OF:   ALEXANDER CALHOUN
3036 SO FIRST ST STE 201
AUSTIN, TX 78704-0000

⑆114900164⑆   ⑈138334442⑈